## W. S. Kammerer v. O. C. Lundh.

1. APPELLATE COURT PRACTICE—*Appeals in Suits Originally Commenced Before Justices of the Peace.*—Where, in an action originally commenced before a justice of the peace, and tried on appeal in the Circuit Court, no imperative rule of law applicable to trials before justices of the peace has been violated, the judgment will be affirmed.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

EDWIN B. HARTS, attorney for appellant.

BERNHARDT J. FRANK, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

On the 15th day of May, 1893, W. S. Kammerer, the appellant herein, and the defendant below, entered into a contract with O. C. Lundh, the appellee herein, and plaintiff below, by accepting his written proposition as follows:

"CHICAGO, May 15, 1893.

I do hereby agree to paint the residence of W. S. Kammerer, in Riverside, as specified below:

Roof two coats. Exterior of house two coats. Inside of house three coats. Parlors to be enameled a sufficient number of times to make a complete job. Hardwood to be filled on back, and rubbed on front. Back parlor door to be grained on hall side. Radiators to be enameled. Whole work to be done in first class style. Kammerer to furnish material, and I furnish all labor and brushes for sum of two hundred and fifty dollars; work to be commenced at once and continued until finished.

O. C. LUNDH."

Out of this simple contract two lawsuits arose, which, upon appeal from a justice of the peace, were, in the Circuit

Court, by agreement of all parties, tried together, with the result of a judgment against appellant for $91.70.

We have been favored with two abstracts of the record and three briefs thereon, a perusal of which leaves us in some doubt as to whether exact justice was meted out by the action of the Circuit Court; the doubt is not, however, of such a character as inclines us to reverse the judgment. We do not find that any imperative rule of law applicable to trials before justices of the peace was violated, and feeling as we do that "*Interest rei publicae ut sit finis litium*," we affirm the judgment.